# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**SANDRA BARKER,**
**Claimant Below, Petitioner**

**FILED**
December 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0562** (BOR Appeal No. 2046645)
(Claim No. 2004033050)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CEDAR GROVE PERSONAL CARE HOME,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sandra Barker, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 16, 2012, in which the Board affirmed a November 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 10, 2011, decision denying Ms. Barker's request for a consultation with Dr. Zerick. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Barker was working as a nurse's aide for Cedar Grove Personal Care Home when she slipped and fell on black ice in a parking lot on January 27, 2004. The claim was held

compensable for sprain/strain of the lumbar region, sprain/strain of the left knee/leg, and contusion of the left hip. On September 17, 2009, Dr. Zerick concluded that Ms. Barker had an absolute normal MRI of the lumbar spine. Dr. Shramowiat noted on May 12, 2009, that the treatment plan was to follow up with Dr. Zerick for surgical evaluation for the lumbar spine. The claims administrator denied Ms. Barker's request for a consultation with Dr. Zerick.

The Office of Judges affirmed the claims administrator's decision and held that in accordance with the records and the facts Ms. Barker had not demonstrated that a consultation with Dr. Zerick should be authorized. Ms. Barker disagrees and asserts that Dr. Shramowiat concluded that she had a herniated disc at L3-4, and an annular tear at L4-5, which is consistent with all of her MRIs and both can cause radiculopathy. She further asserts that no evidence has been presented to show she had any subsequent injuries after January 27, 2004.

The Office of Judges concluded that the only reason Dr. Sharmowiat provided for recommending a consultation with Dr. Zerick was to determine if Ms. Baker needed surgery for a herniated disc. Dr. Zerick had a previous consultation with Ms. Barker on September 17, 2009, where he determined the latest MRI did not show any indication of a herniated disc. Dr. Zerick opined that a myelogram may be a better alternative than an MRI, but then determined that Ms. Barker cannot have a myelogram because she is allergic to shellfish. The Office of Judges determined that Ms. Barker has had numerous MRIs and aside from the one MRI dated July 3, 2004, there has been no indication that Ms. Barker has a herniated disc. The latest MRI dated February 16, 2011, showed no lumbar disc protrusion. The Office of Judges held that based on the records and the facts Ms. Barker has not demonstrated that another consultation with Dr. Zerick should be authorized at this time. The Board of Review reached the same reasoned conclusions in its decision of April 16, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 17, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II